IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION



FILED
AUG 14 2015
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

| | |
|---|---|
| ANGELA PETTUS,<br>LAWERENCE MWETHUKU,<br>MICHELLE CAMPBELL,<br><br>　　　　　　Plaintiff,<br>v.<br><br>THE SERVICING COMPANY, LLC,<br><br>Serve: Barbara Dolan, Registered Agent<br>　　　　5781 W. Sunrise Blvd.<br>　　　　Plantation, Florida 33313<br><br>and<br><br>BARBARA DOLAN,<br>Serve: 5781 W. Sunrise Blvd.<br>　　　　Plantation, Florida 33313<br><br>　　　　　　Defendants. | Civil Action No. 3:15cv00479 |

## CLASS ACTION COMPLAINT

COMES NOW the Plaintiffs, by counsel, and for their Complaint against the Defendants The Servicing Company, LLC and Barbara Dolan, they allege as follows:

### PRELIMINARY STATEMENT

1. Defendants – a sham company and its principal – engage in a systematic and unlawful practice of ignoring the requirements of the Federal Fair Credit Reporting Act (FCRA), 15 U.S.C. 1681, *et seq* and the Federal Equal Credit Opportunity Act ("ECOA"). To accomplish these ends, Defendants created multiple-tiered business structure of shell entities in an attempt to avoid liability for their complete and utter disregard of the FCRA's permissible purpose requirements.

2. At center stage in Defendants' sham business operation is the shell entity known as The Servicing Company, LLC ("TSC"), who obtains (and ultimately resells) millions of consumer reports on consumers with whom it has no relationship in violation of § 1681b(f) of the FCRA, which prohibits the people from obtaining and using consumer reports without a permissible purpose. 15 U.S.C. § 1681b(f). TSC is operated and controlled by Barbara Dolan ("Ms. Dolan") and/or by one of Ms. Dolan's other wholly owned companies established for the purpose of perpetuating fraud on consumers.

3. Plaintiffs were victims of Defendants' brazen scheme. Each of their credit reports were obtained by TSC even though Plaintiffs never had a credit a relationship with TSC or authorized it to obtain their consumer reports. TSC did not have a permissible purpose to obtain Plaintiffs' consumer reports as established by § 1681b(a), which enumerates 6 specific circumstances where a consumer reporting agency may provide a consumer report and "no other."

4. To the extent TSC contends it had a permissible purpose to obtain credit reports from Clarity, Plaintiffs allege that TSC violated the ECOA by failing to provide Plaintiffs and the putative class members with adverse action notices as required by the ECOA. According to the declaration of Barbara Dolan filed in a separate proceeding styled *Turnage v. Clarity Services, Inc.*, Case No. 3:14-cv-760 (E.D. Va.), TSC accepts and processes consumer credit applications, accesses consumer credit reports, services existing credit accounts and participates in the decision of whether the grant or deny a consumer for a loan. Therefore, TSC was required to provide Plaintiffs with an adverse action notice because TSC never offered loans to any of the Plaintiffs.

## JURISDICTION

5. This Court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1681(p).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the Plaintiffs

reside in this District and Division and significant part of the Plaintiffs' claims occurred in Virginia.

## PARTIES

7. Plaintiff Angela Pettus ("Ms. Pettus") is a natural person who resides in Virginia and in this District and Division. Ms. Pettus is a consumer as defined by § 1681a(c).

8. Plaintiff Lawrence Mwethuku ("Mr. Mwethuku") is a natural person who resides in Virginia and in this District. Mr. Mwethuku is a consumer as defined by § 1681a(c).

9. Plaintiff Michelle Campbell ("Ms. Campbell") is a natural person who resides in Virginia and in this District. Ms. Campbell is a consumer as defined by § 1681a(c).

10. Defendant The Servicing Company, LLC ("TSC") is a foreign corporation doing business in Virginia. TSC is a "user" of consumer reports as the term is used in the FCRA and a "creditor" for the purposes of the ECOA.

11. Barbara Dolan ("Ms. Dolan") is a natural person and resident of the state of Florida. Ms. Dolan is the founder and owner of TSC. Ms. Dolan is the architect and chief executive of the multi-tiered sham business designed described herein.

## FACTS

12. As a matter of common practice, TSC repeatedly obtains consumer reports from Clarity Services, Inc. ("Clarity"), who is both a consumer reporting agency and a "reseller" of consumer reports.

13. In its capacity as a reseller, Clarity obtained consumer reports from Experian and resold those reports to TSC, who would then *purportedly* use the information obtained from Experian to evaluate consumers for loans.

14. TSC uses Clarity to obtain consumer reports from Experian because TSC could not

obtain reports directly from Experian as Experian has a far more stringent credentialing process than Clarity.

15. As part of this process, TSC and Clarity entered into an end-user agreement whereby TSC represented to Clarity that it was the "end user" of the consumer report obtained from Experian, *i.e.*, the actual creditor who would ultimately use the report to evaluate the consumer for credit.

16. Pursuant to this agreement, TSC requested and Clarity provided consumer reports to TSC regarding the named Plaintiffs.

17. As reflected by their consumer reports from Clarity and Experian, TSC obtained: Mr. Mwethuku's consumer report on May 5, 2013; Ms. Pettus's consumer report on March 8, 2013; and Ms. Campbell's consumer report on April 24, 2014.[1]

18. On each occasion when TSC obtained Plaintiffs' consumer reports from Clarity, TSC certified to Clarity that it was the "end user" of the report.

19. Plaintiffs never applied for credit with TSC or authorized TSC to pull their reports, nor did TSC provide Plaintiffs with a "firm offer of credit." Accordingly, TSC lacked a permissible purpose to obtain Plaintiffs' consumer reports.

20. In fact, upon information and belief, not a single consumer ever applied for credit with TSC and TSC never loaned any consumer any amount of money.

21. Instead, upon information and belief, TSC paid Clarity to obtain this information from Experian and then resold this information to internet payday lenders who would market high-interest payday loans to vulnerable consumers

---

[1] Plaintiffs did not have any knowledge that TSC obtained their consumer reports until they obtained their consumer reports from Clarity and learned of the TSC inquiries. Each of the Plaintiffs' obtained their consumer reports within two years prior to the filing of this Complaint.

4

22. Regardless, to the extent TSC contends it had a permissible purpose to obtain credit reports from Clarity, the ECOA required TSC to provide Plaintiffs and the putative class members with an adverse action letters.

23. Upon information and belief, as a matter of common practice, TSC—despite its admission that it evaluates and assesses consumers' credit worthiness—never provides consumers with adverse actions letters in violation of the ECOA.

24. Plaintiffs never received adverse action letters after TSC obtained their consumer reports and purportedly evaluated them for a loan.

*Allegations Regarding Defendants' Current Sham Business Structure*

25. As previously explained, Ms. Dolan is the founder, manager and appears to be the sole shareholder (through her ownership of other sham companies) of TSC.

26. Upon information and belief, TSC is nothing more than a sham company established so that Ms. Dolan could obtain consumer reports and, in turn, resell the information to other entities in the internet payday lending market.

27. In conducting this sham operation, TSC obtained Plaintiffs and the class members' private financial information and resold this information to internet payday lenders who would market high-interest payday loans to vulnerable consumers.

28. Upon information and belief, TSC obtained hundreds of thousands of consumer reports from Clarity and paid Clarity millions of dollars, while at the same time TSC existed as an employee-less paper entity who never generated any revenue or retained any assets of its own.

29. In all regards in which TSC is technically involved in the process, it is operating as the controlled agent and alter ego of Ms. Dolan, who then resells the information obtained by TSC through her other companies for profit.

30. Upon information and belief, all of the monies obtained from this fraudulent scheme are ultimately returned to Ms. Dolan or her other sham companies, which leaves TSC undercapitalized despite its ability to obtain and pay for hundreds of thousands of consumer reports.

31. Moreover, upon information and belief, TSC does not maintain adequate corporate records or comply with corporate formalities, nor does it generate any separate business or income outside of this fraudulent scheme.

## COUNT ONE:
## VIOLATION OF 15 U.S.C. §§ 1681b(f)
## CLASS CLAIM

32. Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

33. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs bring this claim for themselves and on behalf of a class initially defined as follow:

> All natural persons residing in the United States: (a) whose consumer report was obtained by TSC; (2) from Clarity; (c) on or after a date five years prior to the filing of this action.

Each of the Plaintiffs are members of this class.

34. **Numerosity. Fed. R. Civ. P 23(a)(1).** Upon information and belief, Plaintiffs allege that the class members are so numerous that joinder of all is impractical. The names and addresses of the class members are identifiable through the internal business records maintained by Defendants (and Clarity) and the class members may be notified of the pendency of this action by published and/or mailed notice.

35. **Predominance of Common Questions of Law and Fact.** Fed. R. Civ. P. 23(a)(2). Common questions of law and fact exist as to all members of the putative class, and there are no factual or legal issues that differ between the putative class members. These questions predominate

over the questions affecting only individual class members. The principal issues are: (a.) whether TSC had a permissible purpose to obtain the Plaintiffs and putative class members' consumer reports; (b.) whether TSC's violation was negligent, reckless, knowing, or intentionally committed in conscious disregard of the rights of the Plaintiffs and the putative class members; and (3) whether TSC is the alter ego of Ms. Dolan.

36. **Typicality. Fed. R. Civ. P. 23(a)(3).** Plaintiffs' claims are typical of the claims of each putative class member. Plaintiffs, as well as every punitive class member, allege violations of the same FCRA provisions, 15 U.S.C. §§ 1681b(f). This claim challenges TSC's uniform procedures from obtaining consumer reports from Clarity. In addition, Plaintiffs are entitled to relief under the same causes of action as the other members of the putative class. All are based on the same facts and legal theories.

37. **Adequacy of Representation. Fed. R. Civ. P. 23(a)(4).** Plaintiffs are adequate representatives of the putative class, because their interests coincide with, and are not antagonistic to, the interests of the members of the Class they seek to represent; they have retained counsel competent and experienced in such litigation; and they have and intend to continue to prosecute the action vigorously. Plaintiffs and their counsel will fairly and adequately protect the interests of the members of the Class. Neither Plaintiffs nor their counsel have any interests which might cause him not to vigorously pursue this action.

38. **Superiority. Fed. R. Civ. P. 23(b)(3).** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The damages sought by each member are such that individual prosecution would prove burdensome and expensive. Additionally, none of the class members would have known of the facts underlying

the violation or of the legal basis for this action absent this lawsuit. It would be virtually impossible for members of the Class individually to effectively redress the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

39. Defendants violated § 1681b(f) of the FCRA as to the Plaintiffs and putative class members by obtaining their consumer reports from Clarity without a permissible purpose as established by § 1681b(a).

40. These ongoing intrusions were either intentional, or Defendants cared so little about the duties owed under the FCRA that their conduct was carried out with reckless disregard, which gives rise to a willful violation, rendering Defendants liable pursuant to 15 U.S.C. § 1681n. In the alternative, Defendants were negligent entitled the Plaintiffs to recover under 15 U.S.C. § 1681o.

41. Plaintiff and the putative class members are entitled to recovery statutory damages, punitive damages, costs, and attorneys' fees from the Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

### COUNT TWO:
### VIOLATION OF 15 U.S.C. § 1691(d)
### CLASS CLAIM

42. Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

43. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs bring this

claim for themselves and on behalf of a class initially defined as follows:

> All natural persons residing in Virginia: (a) whose consumer report information was obtained by TSC from Clarity; (b) to whom TSC did not provide an adverse action notice; (c) within five years prior to the filing of the Complaint.

44. **Numerosity. Fed. R. Civ. P 23(a)(1).** Upon information and belief, Plaintiffs allege that the class members are so numerous that joinder of all is impractical. The names and addresses of the class members are identifiable through the internal business records maintained by Defendant and the class members may be notified of the pendency of this action by published and/or mailed notice.

45. **Predominance of Common Questions of Law and Fact.** Fed. R. Civ. P. 23(a)(2). Common questions of law and fact exist as to all members of the putative class, and there are no factual or legal issues that differ between the putative class members. These questions predominate over the questions affecting only individual class members. The principal issues are: (a.) Whether TSC is a creditor as defined by the ECOA; and (b.) Whether TSC provided adverse action letters to consumers after it obtained their consumer reports.

46. **Typicality. Fed. R. Civ. P. 23(a)(3).** Plaintiffs' claims are typical of the claims of each putative class member. Plaintiffs, as well as every punitive class member, allege violations of the same ECOA provisions. Plaintiffs are entitled to relief under the same causes of action as the other members of the putative class. All are based on the same facts and legal theories.

47. **Adequacy of Representation. Fed. R. Civ. P. 23(a)(4).** Plaintiffs are adequate representatives of the putative class, because their interests coincide with, and are not antagonistic to, the interests of the members of the Class they seek to represent; they have retained counsel competent and experienced in such litigation; and they have and intend to continue to prosecute the action vigorously. Plaintiffs and their counsel will fairly and adequately protect the interests of

the members of the Class. Neither Plaintiffs nor their counsel have any interests which might cause him not to vigorously pursue this action.

48. **Superiority. Fed. R. Civ. P. 23(b)(3).** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. There are no individual issues that would be a burden or impede litigation in the aggregate. Class resolution will provide a uniform decision on the legality of the Defendants' standard process. Further, absent class representation, it is certain that most class members will be unaware of their rights or be able to obtain adequate legal representation to prosecute those rights.

49. **Injunctive Relief and Declaratory Relief Appropriate for the Class. FED. R. CIV. P. 23(b)(2).** Class certification is appropriate because Defendants have acted on grounds generally applicable to the Class, making injunctive and/or declaratory relief appropriate.

50. Defendants violated § 1691(d) of the ECOA by failing to provide an adverse action letter to Plaintiffs and the putative class members after Defendants obtained their consumer reports and evaluated them for loans.

51. As a result of Defendants' violations, Defendants are liable to Plaintiffs and the putative class members for damages of $10,000 per violation in accordance with § 1691(e).

WHEREFORE, Plaintiffs move for class certification and judgment against the Defendants as alleged for statutory and punitive damages, for injunctive and declaratory relief, for attorneys' fees and costs, and such other specific or general relief the Court finds just and appropriate.

**A TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,
**PLAINTIFFS**

By:_____

10

Counsel

James W. Speer, (VSB# 23046)
Virginia Poverty Law Center
919 E. Main Street, Suite 610
Richmond, VA 23219
(804) 782-9430
Fax: (804) 649-0974
Email: jay@vplc.org

Kristi Cahoon Kelly, Esq., VSB #72791
Andrew J. Guzzo, Esq., VSB #82170
KELLY & CRANDALL, PLC
4084 University Drive, Suite 202A
Fairfax, VA 22030
Phone: 703-424-7572
Fax: 703-591-0167
Email: kkelly@kellyandcrandall.com
Email: aguzzo@kellyandcrandall.com

Leonard Anthony Bennett, Esq., VSB #37523
Consumer Litigation Associates
763 J Clyde Morris Boulevard, Suite 1A
Newport News, VA 23601
Phone: 757-930-3660
Fax: 757-930-3662
Email: lenbennett@clalegal.com

*Counsel for Plaintiffs*