IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANGELA PETTUS, *et. al.* )
)
Plaintiffs, )
)
v. ) Civil Action No. 3:15CV479–HEH
)
THE SERVICING )
COMPANY, LLC., *et al,* )
)
Defendants. )

## MEMORANDUM OPINION
(Granting in Part and Denying in Part Defendants' Motion to Dismiss)

Plaintiffs Angela Pettus, Michelle Campbell, and Lawrence Mwethuku brought a class action Complaint against Defendants The Servicing Company, LLC ("TSC") and Barbara Dolan ("Dolan") alleging: (1) a violation of 15 U.S.C. § 1681b(f) of the Fair Credit Reporting Act ("FCRA") ("Count I") and (2) a violation of 15 U.S.C. § 1691(d) of the Equal Credit Opportunity Act ("ECOA") ("Count II"). The matter is before the Court on Defendants' Motion to Dismiss (ECF No. 15) pursuant to Federal Rules of Civil Procedure 12(b)(6) and 19(b), filed on October 23, 2015. For the reasons stated herein, Defendants' Motion to Dismiss will be granted in part and denied in part.

### I. BACKGROUND

As required by Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court assumes Plaintiff's well-pleaded allegations to be true, and views all facts in the light most favorable to him. *T.G. Slater & Son v. Donald P. & Patricia A. Brennan, LLC*, 385

1

F.3d 836, 841 (4th Cir. 2004) (citing *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)).

Dolan is the "founder, manager and appears to be the sole shareholder...of TSC." (Compl. ¶ 25.) TSC "accepts and processes consumer credit applications, accesses consumer credit reports, services existing credit accounts, ... participates in [deciding] whether [to] grant or deny a consumer for a loan," and "ultimately resells" consumer reports on consumers with whom it has no relationship "to internet payday lenders" who "market high interest payday loans to vulnerable consumers." (*Id.* ¶¶ 4, 26–27.) TSC obtains consumer reports pursuant to an end-user agreement with Clarity Services, Inc. ("Clarity"), a consumer reporting agency and consumer report reseller. (*Id.* ¶¶ 12, 15.) Clarity obtains consumer reports from Experian, a creditor. (*Id.* ¶ 13.)

In the end-user agreement, TSC represented to Clarity that it was the "end user" of the consumer report. (*Id.* ¶ 15.) In other words, TSC represented that it was "the actual creditor who would ultimately use the report to evaluate the consumer for credit." (*Id.* ¶ 15.) Plaintiffs allege TSC obtained consumer reports on each of the named Plaintiffs in March of 2013 and April of 2014 from Clarity, even though Plaintiffs did not apply for credit with TSC and did not authorize TSC to obtain their reports. (*Id.* ¶ 17, 19.) Moreover, TSC obtained consumer reports despite "not a single consumer ever appl[ying] for credit with TSC and TSC never loan[ing] any consumer any amount of money." (*Id.* ¶ 20.)

Plaintiffs assert TSC is a sham company because: (1) all money obtained by TSC is "ultimately returned to [Dolan] or her other sham companies, which leaves TSC

2

undercapitalized despite its ability to obtain and pay for hundreds of thousands of consumer reports;" (2) "TSC does not maintain adequate corporate records or comply with corporate formalities; and (3) TSC does not "generate any separate business or income outside of this fraudulent scheme." (*Id.* ¶¶ 30–31.)

## II. STANDARD OF REVIEW

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). The Federal Rules of Civil Procedure require "only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." *Id.* at 555, 570. In considering such a motion, a plaintiff's well-pleaded allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff. *T.G. Slater*, 385 F.3d at 841 (citation omitted). Legal conclusions enjoy no such deference. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

3

## III. DISCUSSION

### A. Jurisdiction

This Court has jurisdiction to hear Plaintiffs' FCRA and ECOA claims pursuant to 15 U.S.C. § 1681p and 15 U.S.C.A. § 1691e(f).

### B. Count I: FCRA

The FCRA imposes civil liability on "[a]ny person who obtains a consumer report from a consumer reporting agency under false pretenses or knowingly without a permissible purpose." 15 U.S.C. § 1681n(b). The FCRA prohibits a person from using or obtaining a consumer report for any purpose unless: (1) the consumer report is obtained for a purpose authorized by the FCRA and (2) the prospective user of the report certifies their purpose for obtaining or using the report in compliance with certain statutory requirements. 15 U.S.C. § 1681b(f). The FCRA lists a limited number of situations in which a consumer reporting agency may furnish a consumer report. *See* 15 U.S.C. § 1681b(a). Selling consumer reports to third-party lenders is not among the permissible purposes allowed under the FCRA. *See id.*

Plaintiffs allege that TSC obtained consumer reports of the named Plaintiffs from a consumer reporting agency, Clarity, while purporting itself to be the end-user of the consumer reports. (*See* Compl. ¶¶ 12, 15–16, 18). TSC then allegedly resold the consumer reports to internet payday lenders. (*Id.* ¶¶ 21, 26, 27.) These allegations, taken as true, are sufficient to state a claim under the FCRA, because they indicate that TSC obtained consumer reports for an impermissible purpose.

## C. Count II: ECOA

Plaintiffs assert that TSC violated the ECOA by failing to provide Plaintiffs and the class members with adverse action notices after obtaining their consumer reports, evaluating them for loans, and then not offering any loans. (*Id.* ¶¶ 4, 19, 50.)

The ECOA requires a creditor who takes adverse action against a loan *applicant* to provide the loan *applicant* with the reasons why adverse action was taken. *See* 15 U.S.C. § 1691(d)(1)–(2). Plaintiffs never allege that they applied for any loan or sought any credit, from anyone, and thus fail to allege that they were an applicant under the ECOA. *See* 15 U.S.C. § 1691a(b) (defining an applicant as "any person who applies to a creditor directly for an extension, renewal, or continuation of credit, or applies to a creditor indirectly by use of an existing credit plan for an amount exceeding a previously established credit limit"). In fact, Plaintiffs specifically assert that they "never applied for credit with TSC" and "not a single consumer ever applied for credit with TSC and TSC never loaned any consumer any amount of money." (Compl. ¶¶ 20, 21.) Plaintiffs do not contend that they applied for any form of credit or loan, with TSC or anyone else. Defendants' alleged failure to grant Plaintiffs a loan is of no legal significance. Plaintiffs have failed to state a claim as to the ECOA.[1] Accordingly, Plaintiffs' ECOA claim will be dismissed.

---

[1] Because Plaintiffs' claim fails on the stated grounds, there is no need to analyze whether or not Defendants are "creditors" or whether they actually took "adverse action" as defined by the statute.

5

## D. Barbara Dolan

Defendants assert that Dolan should be dismissed from this action as an individual, because Plaintiffs have failed to properly allege facts supporting that the corporate veil could plausibly be pierced and that Dolan has no contacts with the state of Virginia, outside of her relationship with TSC. (Defs.' Mem. Supp. Mot. Dismiss at 10–14).

In Virginia, "the law of the state of incorporation determines whether the corporate veil may be pierced." *Brainware, Inc. v. Scan-Optics, Ltd.*, 2012 WL 1999549 at *5 (E.D. Va. May 9, 2012). The parties seem to agree that TSC is a Delaware corporation. (Defs.' Mem. Supp. Mot. Dismiss at 12; Pls.' Resp. at 12.) To state a plausible claim for piercing the corporate veil, two things must be shown: "(1) that the corporation and its shareholders operated as a single economic entity and (2) that an overall element of injustice or unfairness is present." *See Trevino v. Merscorp, Inc.*, 583 F.Supp.2d 521, 528 (D. Del. 2008). Factors relating to the first prong are as follows: "(1) undercapitalization; (2) failure to observe corporate formalities; (3) nonpayment of dividends; (4) the insolvency of the debtor corporation at the time; (5) siphoning of the corporation's funds by the dominant stockholder; (6) absence of corporate records; and (7) the fact that the corporation is merely a facade for the operations of the dominant stockholder or stockholders." *Id.* at 528–29.

Plaintiffs assert TSC is a sham company because: (1) all money obtained by TSC is "ultimately returned to [Dolan] or her other sham companies, which leaves TSC undercapitalized despite its ability to obtain and pay for hundreds of thousands of

consumer reports;" (2) "TSC does not maintain adequate corporate records or comply with corporate formalities;" and (3) TSC "does [not] generate any separate business or income outside of this fraudulent scheme." (Compl. ¶¶ 29–31.) Further, Plaintiffs allege that unfairness is present in that Defendants are engaged in a "systematic and unlawful practice ignoring the requirements of the" FCRA and created a "multiple-tiered business structure of shell entities in an attempt to avoid liability." (*Id.* at ¶ 1.)

Accepted as true, these allegations are enough to create a plausible claim that the corporate veil could be pierced. Accordingly, at this stage of the litigation, Dolan will not be dismissed.

### E. Island Finance is Not a Necessary Party

Rule 19(a) of the Federal Rules of Civil Procedure states that:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Defendants claim that "Island Finance has a very substantial interest in this matter because Plaintiffs are challenging the ability of its exclusive loan servicer, TSC, to access credit information." (Defs.' Mem. Supp. Mot. Dismiss at 19). They further assert that "it

7

is...impossible for the Plaintiffs to secure relief" and "an adverse judgment could threaten Island Finance's ability to accept and evaluate new loan applications." (*Id.*)

At this point, the Court finds Defendants' argument that Island Finance is a necessary party to be unpersuasive. Complicating or tangentially affecting one's business does not rise to the level of impairing one's ability to protect one's interest, or subjecting one to multiple or inconsistent judgments. There is no clear indication that complete relief cannot be afforded without Island Finance being a party to this action. Absent a threshold showing of need, no further analysis is necessary under Rule 19.

## IV. CONCLUSION

In sum, the Court finds that Plaintiffs have properly stated a claim in Count I, and have failed to state a claim in Count II. Further, at this stage, Island Finance is not a necessary party. Accordingly, the Motion to Dismiss is granted in part and denied in part. Count I survives. Count II is dismissed without prejudice.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Dec 17, 2015
Richmond, Virginia