IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| ANGELA PETTUS, *et al.*, ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> THE SERVICING COMPANY, LLC, *et al.*,) <br> Defendants. ) <br> _____) | Civil No. 3:15cv479 (HEH) |

## MEMORANDUM ORDER

This matter comes before the Court for resolution of non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B) on Plaintiffs' Motion to Compel (ECF No. 29), after having been referred to the undersigned by United States District Judge Henry E. Hudson (ECF No. 19). Many of the discovery disputes alleged in Plaintiffs' Motion to Compel have been resolved.[1] Now only the disputes related to tribal sovereign immunity remain. The Court ordered the parties to submit additional briefs on this issue (ECF No. 37) and held a hearing on February 8, 2016.

With respect to the discovery disputes involving tribal sovereign immunity, Plaintiffs ask the Court to (1) compel Defendant The Servicing Company ("TSC") to provide full and

---

[1] In an Order dated January 28, 2016 (ECF No. 37), the Court ruled on two of the discovery disputes from Plaintiffs' Motion to Compel. The Court ordered Defendants to provide full and complete responses to Plaintiffs' discovery requests regarding Defendants' net worth and financial information, but allowed them to withhold documents related to The Servicing Company's credentialing with other consumer reporting agencies, as well as any communications with Experian, Equifax and Trans Union. In their Joint Statement Pursuant to Court Order Dated January 28, 2016 (ECF No. 43), the parties jointly asked the Court to deny the disputes unrelated to issues of tribal sovereign immunity or not otherwise ruled upon by the Court. Accordingly, the Court DENIES the remaining disputes in Plaintiffs' Motion to Compel (ECF No. 29) that are unrelated to issues of tribal sovereign immunity as MOOT.

complete responses to interrogatories and Requests for Productions ("RFPs") related to Island Finance, LLC ("Island Finance"); (2) compel TSC to provide full and complete responses to Plaintiffs' interrogatories and RFPs related to TSC's policies and procedures for compliance with 15 U.S.C. § 1681e(b) of the Fair Credit Reporting Act ("FCRA"); and, (3) compel Defendants to produce Michelle Fox, the chief executive officer ("CEO") of Island Finance, to appear and give testimony at a deposition. (Mem. in Supp. of Mot. to Compel ("Pl.'s Mem.") (ECF No. 30) at 9-12, 17-20.) Defendants object on the ground that Island Finance's sovereign immunity bars Plaintiffs from obtaining the requested documents sought and deposing Ms. Fox. (Def.'s Opp'n to Pl.'s Mot. to Compel ("Def.'s Opp'n") (ECF No. 32) at 14-18, 22-25.)

Having reviewed the parties' submissions and considered their oral arguments, the Court FINDS that Defendants lack standing to raise tribal sovereign immunity on behalf of Island Finance and Ms. Fox; therefore, the Court GRANTS in part Plaintiffs' Motion to Compel as it relates to the responses to interrogatories and production of documents and ORDERS TSC to provide the requested responses and documents no later than 5 p.m. on February 12, 2016. As to the deposition of Ms. Fox, the Court ORDERS that an evidentiary hearing shall occur on March 2, 2016, at 10:00 a.m., as to whether tribal sovereign immunity precludes her deposition testimony and, if sovereign immunity applies, whether Ms. Fox has waived the immunity by previously tendering two declarations in this case. To that end, the Court ORDERS Ms. Fox to appear to provide testimony at the evidentiary hearing on March 2, 2016, and counsel for TSC, who also represents Ms. Fox, shall be responsible for providing her with a copy of this Order.

## I. BACKGROUND

Plaintiffs filed this suit, alleging that Defendants TSC and Barbara Dolan, the founder-owner of TSC, violated § 1681b(f) of the FCRA by obtaining Plaintiffs' consumer reports

without a permissible purpose as established by § 1681b(a). (Compl. (ECF No. 1) ¶ 39.) In Defendants' primary defense, they argue that TSC acted as an agent for Island Finance, a lender with a permissible purpose. (Answer to Class Action Compl. ("Answer") (ECF No. 14) ¶ 19). To investigate Defendants' assertion, Plaintiffs requested information and documents related to Island Finance and served a Rule 30(b)(1) Notice of Deposition to Ms. Fox, who submitted two declarations in support of Defendants. (Pl.'s Mem. at 10-11, 17-19.) Defendants refused to respond to Plaintiffs' discovery requests and produce Ms. Fox for deposition, asserting Island Finance's tribal sovereign immunity. (Def.'s Opp'n at 14-18, 22-25.)

## II. ANALYSIS

Defendants raise the issue of tribal immunity by alleging that Island Finance acts as an economic arm of the Fort Belknap Indian Community of Montana (the "Tribe"), entitled to the protection of the Tribe's sovereign immunity. (Def's Opp'n at 16.). Defendants further allege that Ms. Fox qualifies as a tribal official, who shares in the Tribe's sovereign immunity in her official capacity as the CEO of Island Finance. (Def's Opp'n at 23.) Defendants argue that the Tribe's sovereign immunity bars this Court from compelling Defendants to respond to any discovery requests related to Island Finance, and Plaintiff cannot circumvent Island Finance's immunity by obtaining its documents from TSC. (Def.'s Opp'n at 14-16.) Plaintiffs respond that the Tribe's sovereign immunity does not extend to discovery requests served on TSC, a non-tribal party. (Pl.'s Mem. Regarding Disc. Disputes Involving the Issue of Tribal Immunity ("Pl.'s Mem.") (ECF No. 38) at 2-4.) For the reasons set forth below, the Court finds that TSC lacks standing to raise the Tribe's sovereign immunity on behalf of Island Finance and Ms. Fox.

As "domestic dependent nations that exercise inherent sovereign authority," Indian tribes possess "common law immunity from suit traditionally enjoyed by sovereign powers."

*Michigan v. Bay Mills Indian Cmty.*, 134 S. Ct. 2024, 2030 (2014) (citations omitted) (internal quotation marks omitted). Tribal sovereign immunity extends to an "arm of the tribe" that engages in economic activities, "provided that the relationship between the tribe and the entity is sufficiently close to properly permit the entity to share in the tribe's immunity." *Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1183 (10th Cir. 2010). An independent contractor's immunity lacks the absolution that an arm of the tribe enjoys. *See Campbell-Ewald Co. v. Gomez*, 136 S.Ct. 663, 672 (2016) (finding no derivative sovereign immunity for a Government contractor that violated both federal law and the Government's instructions.)

TSC has described itself as an independent contractor retained as an agent for Island Finance. (Def.'s Opp'n at 3.) As such, TSC does not fall under the umbrella of the Tribe's immunity, because it acts as an independent contractor instead of an arm of the tribe. Given that none of the named Plaintiffs applied for credit with Island Finance and that Plaintiff alleges that TSC violated federal law, it cannot assert that it has its own immunity, primary or derivative. Instead, it could only assert immunity on behalf of Island Finance, which it lacks standing to do.

As a general rule, a litigant must "assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties." *Powers v. Ohio*, 499 U.S. 400, 410 (1991); *see also Aquamar, S.A. v. Del Monte Fresh Produce N.A., Inc.*, 179 F.3d 1279, 1290 (11th Cir. 1999) (finding that only a foreign sovereign had standing to raise the defense of sovereign immunity).[2] However, in addition to an injury-in-fact and a close

---

[2] Though the Foreign Sovereign Immunities Act ("FSIA") does not apply to Indian Tribes, the jurisprudence surrounding foreign sovereign immunity provides helpful guidance. *See Kiowa Tribe of Oklahoma v. Mfg. Techs., Inc.*, 523 U.S. 751, 759 (1998) ("In considering Congress' role in reforming tribal immunity, we find instructive the problems of sovereign immunity for foreign countries."). Congress enacted the FSIA to implement more predictable

relationship, a plaintiff claiming third-party standing must also demonstrate a hindrance to the third party's ability to protect its own interests. *Freilich v. Upper Chesapeake Health, Inc.*, 313 F.3d 205, 215 (4th Cir. 2002) (citing *Powers*, 499 U.S. at 410-11). The Court sees no such hindrance here. When faced with a third-party subpoena, Island Finance could move to quash to protect its sovereign immunity; however, to this point, Island Finance has elected not to do so. Accordingly, TSC cannot invoke Island Finance's claim to sovereign immunity.

An Indian tribe enjoys sovereign immunity from "suits," absent express authorization by Congress or clear waiver by the tribe. *Kiowa Tribe of Oklahoma v. Manufacturing Technologies, Inc.*, 523 U.S. 751, 754 (1998); *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 59 (1978). Clearly, blanket tribal immunity protects Island Financing and Ms. Fox from a lawsuit filed against them. But, short of that, the question then becomes whether a discovery request served on TSC constitutes a "suit" against Island Finance triggering the protections of sovereign immunity.

The Supreme Court generally defines a suit for the purposes of sovereign immunity as that which "the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act." *Dugan v. Rank*, 372 U.S. 609, 620 (1963). Thus, the magnitude of the effect on the Tribe's functions determines whether immunity applies to the request. Therefore, the Court must have the ability to determine the level of interference or compulsion created by the discovery request before deciding whether it constitutes a suit, triggering immunity. The Court currently lacks sufficient information to make that finding, and

---

and precise rules for foreign sovereign immunity, but the doctrine of foreign sovereign immunity existed long before the FSIA. *Id.*

only Island Finance adequately possesses the ability to provide the needed information.

This need for additional information arises from the difficulties associated with TSC's lack of standing. As a third-party, independent contractor, TSC does not possess first-hand knowledge of the Tribe's operations and how these discovery requests could possibly interfere with those operations. Unlike its independent contractor, Island Finance possesses the ability to articulate the implications (if any) of the production of the requested discovery on the Tribe's operations that may ultimately warrant application of sovereign immunity. Therefore, Island Finance, not TSC, must challenge the discovery request and demonstrate the implications on the Tribe. However, absent such a showing by Island Finance, production of the documents must occur.

Though a request for documents in TSC's possession does not directly implicate Island Finance and its immunity from suit, a request to depose its CEO undoubtedly does. Ms. Fox serves as CEO of Island Finance, and thus may enjoy the same immunity as Island Finance. *See Cook v. AVI Casino Enterprises, Inc.*, 548 F.3d 718, 727 (9th Cir. 2008) (citations omitted) (extending tribal sovereign immunity to tribal officials acting in their official capacity and within the scope of their authority). However, as with the documents, TSC cannot assert Ms. Fox's immunity for her. And although TSC's attorneys also represent Ms. Fox, they refuse to accept service on her behalf and challenge her amenability to suit altogether.[3] Therefore, Ms. Fox must challenge the deposition request, and such a challenge will only succeed if that request constitutes a suit barred by tribal immunity.

As with the document production, an insufficient record precludes the Court from

---

[3] The Court invited Ms. Fox's counsel to accept service for her and then file a motion to quash to properly develop the record. In doing so, the Court added that, if counsel for Ms. Fox did so, the acceptance of service would not constitute a waiver of immunity in any fashion. Counsel rejected the Court's overture to develop the record in this way.

6

determining whether the deposition of Ms. Fox will affect the Tribe's function. During the discovery hearing, counsel for TSC acknowledged that TSC did not employ or speak for Ms. Fox. And, importantly, he acknowledged that Island Finance, not TSC, could best provide insight into any interference the deposition would create. Only Island Finance can inform the Court of any detrimental effect stemming from the discovery request. And, absent a challenge by Ms. Fox, the Court also lacks the capacity to determine if she enjoys the Tribe's immunity; and, more importantly, whether she has waived that immunity. Therefore, the Court requires the testimony of Ms. Fox at an evidentiary hearing to develop a record capable of supporting a decision.

This evidentiary hearing will narrowly focus on the issue of sovereign immunity. At this point, Ms. Fox has not raised the defense of sovereign immunity to challenge her deposition. Should she seek to invoke the Tribe's immunity, the Court will then develop the record to adduce Ms. Fox's place in the tribe and her amenability to suit. Primarily, though, the record must provide the Court a basis to determine whether Ms. Fox has waived immunity by submitting declarations in this litigation. Her appearance at the hearing will in no way serve as a basis for a waiver of her tribal immunity. Nor will her appearance constitute a submission to the jurisdiction of this Court.

For the reasons stated above, the Court GRANTS in part Plaintiff's Motion to Compel (ECF No. 29) as it relates to the responses to interrogatories and production of documents and ORDERS TSC to provide the responses and documents no later than 5 p.m. on February 12, 2016. As to the deposition of Ms. Fox, the Court ORDERS that an evidentiary hearing shall occur on March 2, 2016 at 10:00 a.m., to develop the record with respect to the application of tribal immunity and any potential waiver of tribal immunity. To that end, the Court ORDERS

Ms. Fox to appear to provide testimony at the evidentiary hearing on March 2, 2016, and counsel for Ms. Fox shall be responsible for providing her with a copy of this Order.

Let the Clerk file this Opinion electronically and notify all counsel of record.

It is SO ORDERED.

                                                /s/  
                                  David J. Novak  
                                  United States Magistrate Judge

Richmond, Virginia  
Date: February 9, 2016