IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **ANGELA PETTUS, et al.** | ) |
| | ) |
|     **Plaintiffs,** | ) |
| | ) |
| **v.** | )    Civil Action No. 3:15cv00479 |
| | ) |
| **THE SERVICING COMPANY, LLC, et al.** | ) |
| | ) |
|     **Defendants.** | ) |

**MEMORANDUM IN SUPPORT OF ISLAND FINANCE, LLC'S AND MICHELLE FOX'S MOTION BY SPECIAL APPEARANCE FOR RECONSIDERATION IN PART OF THE MEMORANDUM ORDER ENTERED ON FEBRUARY 9, 2016**

Movants Island Finance, LLC ("Island Finance") and Michelle Fox ("Ms. Fox") (collectively "Movants"), non-parties to this civil action, by counsel and pursuant to Local Rule 7(F), submit this memorandum in support of their Motion by Special Appearance for Reconsideration in Part of the Memorandum Order Entered on February 9, 2016, and in support thereof, state as follows:

**I.    INTRODUCTION**

Movants are not parties to this civil action, and appear specially, by counsel, for the limited purpose of moving the Court to reconsider, in part, the Memorandum Order entered on February 9, 2016. This motion arises out of Plaintiffs' attempt to obtain third-party discovery from Island Finance regarding its relationship with Defendant The Servicing Company, LLC ("TSC"). Specifically, Plaintiffs seek to take the deposition of Ms. Fox, as the corporate designee of Island Finance under Rule 30(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs failed to follow correct procedures for third-party discovery under the Federal Rules, and as a consequence, this matter has gotten off track. Plaintiffs never served a subpoena on

Island Finance or Ms. Fox, a fundamental requirement of the Federal Rules. This failure deprived these non-parties of the protections and limitations of Rule 45 and the Local Rules of this Court. Without squarely addressing that error, this Court entered a Memorandum Order that requires Ms. Fox, a non-party, to make a burdensome journey from her home in Montana to the Eastern District of Virginia to be examined at a hearing on March 2, 2016, on the issue of whether Island Finance and Ms. Fox are protected from third-party discovery by sovereign immunity. Movants respectfully submit that the portion of the Memorandum Order requiring Ms. Fox to attend the March 2, 2016, hearing is premature given that Plaintiffs have failed to properly serve Island Finance or Ms. Fox with any subpoena to testify at a deposition. For these reasons, Movants respectfully request that the Court reconsider the portion of its Memorandum Order requiring Ms. Fox to appear on March 2, 2016.

II.     **FACTUAL BACKGROUND AND PROCEDURAL HISTORY.**

In their Complaint, Plaintiffs allege that TSC violated the Federal Fair Credit Reporting Act by "reselling" data transmitted electronically from Clarity Data Services, Inc. ("Clarity") to "internet payday lenders." [Docket No. 1, ¶ 21]. TSC has defended itself, in part, by asserting that, as an agent for a lender--Island Finance--TSC had a permissible purpose for transmitting the data from Clarity to Island Finance. As a result, Plaintiffs have directed various discovery requests to both TSC and Island Finance seeking to obtain information relating to Island Finance's business practices.

As relevant to this motion, Plaintiffs seek to depose Ms. Fox, who is Island Finance's CEO and a citizen and official of the Fort Belknap Indian Community (the "Tribe"). Plaintiffs have never served Ms. Fox with a subpoena to testify at a deposition. Rather, Plaintiffs initially served a Notice of Deposition for Ms. Fox on counsel for TSC. Counsel for TSC pointed out

that, under the Federal Rules, because Ms. Fox is a non-party, Plaintiffs were required to properly serve her with a subpoena to compel her attendance at a deposition. Counsel for TSC provided Plaintiffs with Ms. Fox's business address for that purpose. However, Plaintiffs improperly attempted to serve the subpoena by email and via process-server on counsel for TSC. The ineffective subpoena purported to require Ms. Fox to travel to the Eastern District of Virginia for deposition. Neither TSC nor its counsel has ever been authorized to accept such service on behalf of Ms. Fox or Island Finance. Subsequently, Plaintiffs moved to compel TSC to produce Ms. Fox for deposition, notwithstanding her status as a non-party who is (1) beyond TSC's control and (2) beyond the subpoena power of the Court. [Docket No. at 17.] In its Memorandum in Opposition, TSC pointed out that Plaintiffs' attempt to depose Ms. Fox was procedurally defective under Federal Rule 45. Further, TSC asserted that Tribal sovereign immunity prevented Plaintiffs from serving any third-party discovery on Island Finance or Ms. Fox. The remainder of the briefing and argument on Plaintiff's Motion to Compel focused on this issue of Tribal sovereign immunity. Unfortunately, the fundamental procedural defects in Plaintiffs' attempt to depose Ms. Fox were not fully addressed.

On February 9, 2016, this Court entered a Memorandum Order, requiring Ms. Fox to appear before the Court for an evidentiary hearing on March 2, 2016, to determine whether Tribal sovereign immunity precludes Plaintiffs from taking her deposition and, if so, whether she has waived such immunity. (Docket No. 58 at 2.) This Court initially found that TSC lacked standing to assert Tribal sovereign immunity on behalf of Island Finance or Ms. Fox. The Court found: "When faced with a third-party subpoena, Island Finance could move to quash to protect its sovereign immunity; however, to this point, Island Finance has elected not to do so." (*Id.* at 5.) Moreover, the Court found that it would require evidence of the third-party discovery's

effect on the Tribe's functions before determining whether it implicated sovereign immunity. The Court further noted: "And, absent a challenge by Ms. Fox, the Court also lacks the capacity to determine if she enjoys the Tribe's immunity; and more importantly, whether she has waived that immunity." (*Id.* at 7.) Accordingly, the Court invited Ms. Fox to object to the deposition on the basis of sovereign immunity, or else appear at the evidentiary hearing before the Court to develop the record in this regard. (*Id.*)

### III.   ARGUMENT AND AUTHORITIES.

The procedure for compelling the attendance of party and non-party witnesses at a deposition differs. If the witness is a party, then the deposing party need only serve a notice of deposition on that party pursuant to Federal Rule 30(b) to compel his or her attendance. However, a party wishing to compel the attendance of a non-party at a deposition must serve on that person a subpoena in compliance with Federal Rule 45. *See* Fed. R. Civ. P. 30(a)(1); 8A Wright & Miller, *Federal Practice and Procedure* §§ 2106, 2107 (2010). Here, Island Finance and Ms. Fox are nonparties. Therefore, to compel the attendance of either at a deposition, Plaintiffs must properly serve them with a subpoena pursuant to Rule 45. To date, Plaintiffs have not done so. Rather, Plaintiffs served counsel for TSC with a Notice of Deposition, followed by an ineffective subpoena. Island Finance is an entity wholly separate from TSC, and Ms. Fox is neither employed nor controlled by TSC. Accordingly, neither Island Finance nor Ms. Fox are at present under any legal obligation to appear for deposition by Plaintiffs. For this reason, they have filed no motion to quash.[1]

---

[1] The parties may have failed to communicate this fundamental point clearly, as suggested by the Court's statement that "Island Finance could move to quash," (Docket No. 58 at 5.) This statement presupposes that Island Finance was in fact served pursuant to Rule 45.

4

Rule 45 also provides certain protections for non-party witnesses against unnecessary burden and expense. 8A Wright & Miller, *Federal Practice and Procedure* § 2107. Specifically, Rule 45 provides that, with respect to a non-party, "[a] subpoena may command a person to attend a trial, hearing, or deposition only . . . within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(A). Plaintiffs' ineffective Notice of Deposition and subpoena purport to require Ms. Fox to travel over 2,000 miles to Virginia for deposition. Therefore, even if Plaintiffs' subpoena were effective, it would be subject to a motion to quash for failure to comply with Rule 45.

At this time, neither Island Finance nor Ms. Fox has filed a motion to quash based on Tribal sovereign immunity because, in the absence of a properly served subpoena under Rule 45, there is nothing to quash. Likewise, Plaintiffs' motion to compel the deposition of Ms. Fox was premature because there was no discovery demand that was properly the subject of a motion to compel. Moreover, because Ms. Fox can be compelled to testify only within 100 miles of her residence in Montana, the U.S. District Court for Montana must hear any motion to quash the subpoena on the basis of sovereign immunity. *See* Fed. R. Civ. P. 45(d)(3) ("On timely motion, the court for the district *where compliance is required* must quash or modify a subpoena . . . .") (emphasis added). Given this procedural posture, Movants submit that the Memorandum Order requiring Ms. Fox to appear before the Court to testify on the issue of sovereign immunity is premature. At present, Plaintiffs have not brought Ms. Fox within the jurisdiction of any court by properly serving her under Rule 45; therefore, regardless of whether she enjoys Tribal sovereign immunity, she is under no obligation to appear for any deposition. Moreover, the Memorandum Order, by requiring Ms. Fox to travel to Richmond, imposes on her the substantial burden that Rule 45 is designed to avoid.

Accordingly, Movants submit that the appropriate course is for the Court to modify the February 9, 2016, Memorandum Order and withdraw the requirement that Ms. Fox appear on March 2, 2016, to testify regarding sovereign immunity. Instead, the Court should find that Plaintiffs have failed to properly compel her attendance at deposition by subpoena pursuant to Rule 45, and that the matter, therefore, is not ripe for decision.

## IV. CONCLUSION.

For the reasons set forth above, Movants respectfully request that the Court reconsider in part its Memorandum Order entered on February 9, 2016, and withdraw the order that Ms. Fox appear for hearing on March 2, 2016, and grant Movants any further legal or equitable relief as the Court deems appropriate.

Dated: February 25, 2016                    Respectfully submitted,

                                            ISLAND FINANCE, LLC and
                                            MICHELLE FOX

                                            By counsel

/s/ Harrison M. Gates
Harrison M. Gates
Virginia State Bar # 80385
James E. Moore
Virginia State Bar # 14526
Counsel for Movants
CHRISTIAN & BARTON LLP
909 East Main Street, Suite 1200
Richmond, VA  23219
Tel: (804) 697-4105
Fax: (804) 697-6105
hgates@cblaw.com
jmoore@cblaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of February, 2016, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

James W. Speer
Virginia Bar No. 23046
Virginia Poverty Law Center
919 E. Main Street, Suite 610
Richmond, VA 23219
Telephone: (804) 782 9430
Facsimile: (804) 649-0974
Email: jay@vplc.org

Leonard Anthony Bennett
Virginia Bar No. 37523
Consumer Litigation Associates
763 J Clyde Morris Boulevard, Suite 1A
Newport News, VA 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
Email: lenbennett@clalegal.com

Michael R. Sklaire (Va. Bar No. 74354)
David G. Barger (Va. Bar No. 21652)
Thomas J. McKee, Jr. (Md. Bar No. 68427)
GREENBERG TRAURIG LLP
1750 Tysons Blvd Ste 1000
McLean, VA 22102
Phone: (703) 749-1300
Fax: (703) 749-1301
Email: sklairem@gtlaw.com
mckeet@gtlaw.com

Robert J. Herrington, Esq. (to be admitted *pro hac vice*)
GREENBERG TRAURIG LLP
1840 Century Park E Ste 1900
Los Angeles, CA 90067
Phone: (310) 586-7616
Fax: (310) 586-7800
Email: herringtonr@gtlaw.com

Kristi Cahoon Kelly
Virginia Bar No. 72791
Andrew J. Guzzo
Virginia Bar No. 82170
Kelly & Crandall, PLC
4084 University Drive, Suite 202A
Fairfax, VA 22030
Telephone: (703) 424-7572
Facsimile: (703) 591-0167
Email: kkelly@kellyandcrandall.com
Email: aguzzo@kellyandcrandall.com

        /s/ Harrison M. Gates
        Harrison M. Gates
        Virginia State Bar # 8038
        Counsel for Movants
        CHRISTIAN & BARTON LLP
        909 East Main Street, Suite 1200
        Richmond, VA  23219
        Tel: (804) 697-4105
        Fax: (804) 697-6105
        hgates@cblaw.com